Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 1811 | **DATE** | 6/24/2002 |
| **CASE TITLE** | Melissa and John Hart vs. The Terminex International Company, L.P. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for leave to file appeal instanter [220-1] is granted nunc pro tunc March 21, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | 5 number of notices |
| ✓ | Notices mailed by judge's staff. | JUN 2 6 2002 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | dc initials |
| | Copy to judge/magistrate judge. | 6/24/2002 date mailed notice |
| MD | courtroom deputy's initials | MD mailing deputy initials |

Date/time received in central Clerk's Office

Document Number: 238

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 2 6 2002

MELISSA and JOHN HART,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　 )　District Court No. 95 C 1811
　　　　　　　　　　　　　　　　　　)　Court of Appeals No. 02-1714
THE TERMINEX INTERNATIONAL　　　　 )
COMPANY, L.P.,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

On February 7, 2002, the clerk entered judgment in this case in favor of defendant, The Terminex International Company, L.P. Under Fed. R. App. P. 4(a), a notice of appeal must be filed with the district clerk within 30 days after the judgment. In this case, because March 9 fell on Saturday, the last day to file was March 11, 2002. On March 15, 2002, plaintiffs noticed for hearing on March 21 a motion under Fed. R. App. P. 4(a)(5)(A) for an extension of time to file the notice of appeal and for leave to file instanter. On March 21, 2002, this court granted the motion in advance of the motion call; thus, the motion was not called for hearing and defendant did not have the opportunity to respond as contemplated by Fed. R. App. P. 4(a)(5)(B) ("If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties . . . ."). On appeal, defendant moved to dismiss on the ground that plaintiffs had not met their burden to demonstrate "excusable neglect" in their failure to file the notice of appeal on time. This case was remanded from the court of appeals with direction that this court "fully explain its reasons for granting plaintiffs' motion to extend the time to appeal or otherwise

1

reconsider plaintiffs' motion." The motion was heard on June 13, 2002; defendant filed a response in opposition to the motion and plaintiffs filed a reply. Whereupon the court now reconsiders the motion, as follows:

Plaintiffs' counsel, John Billhorn, in an affidavit recites that in anticipation of an upcoming office move, he with the help of an assistant prepared a notice of appeal on February 28, 2002. On March 2, his office was moved and Mr. Billhorn was without phone service and computers until March 11. On March 5, Mr. Billhorn delivered a package of documents for filing, which he believes included the notice of appeal,to a reliable former law clerk, John Shavers, at his former office location, having reached an understanding with Mr. Shavers that Mr. Shavers would file the documents. Oh March 13, Mr. Billhorn received a mailing from Mr. Shavers which contained file-stamped copies of all the filed documents except the notice of appeal in this case. Two days later, on March 15, Mr. Billhorn checked the court file to find the document missing. That same date, Mr. Billhorn filed the motion for leave to file late.

Mr. Billhorn's co-counsel, William J. Sneckenberg, rests on his having withdrawn from active participation in the case as the reason for not monitoring the notice of appeal. Mr. Billhorn has never accounted for the missing notice of appeal.

## DISCUSSION

The standard of proof for this motion is "excusable" neglect. Fed. R. App. P. 4(a)(5)(A)(ii). In *Pioneer Investment Services Co.* v. *Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396 (1993), where a creditor had failed to file by the bar date its proof of claim in a Chapter 11 bankruptcy case, the court held that excusable neglect countenances failures caused

by negligence, inadvertence or mistake, as well as those caused by circumstances beyond the party's control. The determination of whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. There, the court listed some of the factors to be considered, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court has considerable discretion, however, to consider other factors, such as the attorney's track record, *Robb v. Norfolk & Western Railway Co.*, 122 F.3d 354, 362 (7th Cir. 1997), upheaval in the lawyer's law office (although the Court gave it "little weight" in *Pioneer*), and whether notice of the filing date was given "outside the ordinary course."[1] In *Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996), the court indicated that "[m]issing a filing deadline because of slumber is fatal" but in *Robb*, where the attorney was attentive to the litigation, indeed, had obtained consent to an extension of time from opposing counsel but had become preoccupied with other litigation and neglected to obtain an extension from the court, the district court was not precluded from finding the neglect excusable for purpose of a Rule 60(b) motion. *But see Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133-34 (7th Cir. 1996) (where the attorney filed a motion, unauthorized by Rule, to extend time to file a

---

[1] In *Robb*, 122 F.3d at 359, the court adopted these factors in the context of Rule 60(b), reciting "the danger of prejudice to the [*defendant*]" from this language in *Pioneer*. (Emphasis added.) The issue of prejudice to the debtor is a more significant factor in a Chapter 11 bankruptcy case than in other civil litigation because a debtor needs to know the creditors' claims going forward, whereas a late-filed notice of appeal would typically result in only the prejudice of having the judgment "'test[ed] on its merits with due regard to [plaintiff's] evidence and arguments, rather than being decided in the absence of opposition.'" *Robb*, 122 F.3d at 357 (quoting the district court in the case on appeal.). Another dissimilarity here compared to a bankruptcy case is that a bar date is set by the court, typically on motion of the debtor, rather than, as here, by Rule. Thus, the Court in *Pioneer* expressed some sympathy with the appellant where the notice of the bar date had been given in an unusual manner. 507 U.S. at 398. Nevertheless, because *Robb* incorporates the *Pioneer* factors in a non-bankruptcy situation, this court assumes that "prejudice" and "excusable" are to be measured alike in both contexts.

3

Rule 59(e) motion to alter or amend the judgment, awaiting disposition of said motion to file notice of appeal was not excusable neglect).

Here, in plaintiffs' favor, there is no cognizable prejudice to defendant. Only four days passed between the due date and the filing of the motion to extend time. There is no dispute of fact that plaintiffs' counsel was giving attention to the case by preparing the notice of appeal in advance, with full intention that it be timely filed. The delay may have been caused by Mr. Shavers, who had been reliable in the past but this time failed to deliver the notice of appeal or, another possible reason, the notice was not delivered to Mr. Shavers due to upheaval in Mr. Billhorn's law office. In either event, it appears that counsel acted in good faith and was reasonably diligent in arranging for lodging the appeal. Factors that weigh against plaintiffs are that time for filing a notice of appeal is a matter of rule about which there is no room for confusion, that the attorneys' track record in this case is not favorable in that the failure to timely respond to requests to admit contributed to summary judgment in favor of defendant in this case, and another attorney was also of record on the case and took no responsibility for seeing that the clients' interest was protected. Whether plaintiffs' counsel's conduct was excusable is borderline, but taking all the circumstances into account, and having considered defendant's objections to the motion, the court finds and concludes that plaintiffs' (through their attorney's) neglect was excusable, and leave to file the notice of appeal instanter is therefore granted nunc pro tunc March 21, 2002.

ENTER:

Dated: June 24, 2002

JOAN HUMPHREY LEFKOW
United States District Judge

4